Mr. Justice Clayton
delivered the opinion of the court.
This was anaction of assumpsit against the makers and indors-ers of a promissory note. The resistance to a judgment is offered by Valentine, the indorser.
The principal objection is to the proof of notice. This proof consists of the notarial certificate in due form, showing that the demand was made, and the notices given at the proper time. But the objection is that the notarial certificate itself was not made out at the proper time. The evidence on this point was, that the notary kept no record of his acts, in giving notice upon this note, other than the one produced in testimony, showing that the notarial certificate was made out, and sworn to, five or six months after the protest. The introduction of the certificate was not objected to, but the counsel for the defendants asked the court to instruct the jury, that they must reject the evidence. This the court refused to do, but'charged the jury, that if they believed the paper certified by the notary to be true, it was evidence of demand and notice.
This question is not new in this court. In 7 How. 630, the court says “that the notarial certificate as to notice, is but a deposition taken in a new mode for the sake of con venience. The statute gives it only such credit, as the witness would be entitled to, if present.” In Grimball & Moss v. Marshall, 3 S. & M. 359, it was again decided, that the certificate need not be made out at the time the note is protested ; and the proposition is repeated that it is a mere deposition. This being the case, we can see no error in the charge of the court.
*300 If the witness had been present, and had stated that he made no written memorándum of the,time when he gave notice, yet had stated that he gave it at a certain time and place, it would have been the province of the jury to determine whether his evidence was entitled to belief, and to decide the case accordingly. This is the effect of what was done. The notary himself was dead.
This being decisive of the case, the other point,-in regard to the deed of indemnity, need not be determined.
The judgment of the court below is affirmed.